IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00612–MSK–KMT

ERIC ADAMS,

      Plaintiff,

v.

R. WILEY,
D. ROY,
T. HERMAN,
R. MARTINEZ,
MICHAEL K. NALLEY, and
HARRELL WATTS,

      Defendants.

---

# ORDER

---

This matter is before the court on Defendants' "Motion to Stay Discovery" ([Doc. No. 62] [filed October 27, 2009] [hereinafter "Mot."].)  Though Plaintiff has expressed opposition to the present Motion, he has failed to file a Response and the time to do so has passed.

Defendants request that proceedings be stayed in this matter pending the resolution of three Motions to Dismiss (Doc. Nos. 20, 34, and 44) currently pending before District Judge Marcia Krieger.  (Mot. at 4.)  The Motions raise issues concerning the application of the statute of limitations and this court's personal jurisdiction over the defendants, which, if granted, will be dispositive of the entire action.  (*Id*. at 5–6.)

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 U.S. Dist. LEXIS 15054, 2007 WL 683973 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D.Fla.2003). When considering a stay of discovery, the court may consider and weigh: "(1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931); *see also*, *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Fed. R. Civ. P. 26(c) does, however, provide that

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

*Id.* The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

2

A motion to stay discovery is an appropriate exercise of this court's discretion, if warranted. *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2040, at 521–22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v.. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) (same).

Plaintiff has failed to file a Response explaining his interests in proceeding expeditiously with this civil action and/or the potential prejudice he would suffer if a stay of proceedings were entered. The court will assume, however, that the Plaintiff does have an interest in proceeding expeditiously. However, it does not appear that Plaintiff is currently suffering the alleged injuries that underlie his Complaint, and therefore, any prejudice to the plaintiff resulting from the stay does not weigh heavily in this court's analysis.

Resolution of preliminary issues concerning the passage of the statute of limitations and this court's personal jurisdiction over the defendants may be dispositive of the entire case. The court finds that Defendants have shown they will incur significant burdens in connection with the process of litigation if these proceedings are not stayed pending resolution of these issues . There is no indication that granting a stay will inconvenience the court or prejudice the interests of persons not parties to this action. Indeed, the public interest is served by avoiding what may be unnecessary expenses associated with allowing discovery at the present time. *See* Fed. R.

Civ. P. 1 (instructing that the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Accordingly, the court finds that a stay of proceedings is appropriate in this case.  Therefore, it is

**ORDERED** that Defendants' "Motion to Stay Discovery" (Doc. No. 62) is **GRANTED** and that all proceedings in this matter are hereby **STAYED** pending resolution of the pending Motions to Dismiss.  Defendants are further

**ORDERED** to file a status report with this court within ten days of a final ruling on the Motions to Dismiss advising this Court if any issues remain viable for further proceedings.

Dated this 2nd day of December, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge