IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00612-MSK-KMT

ERIC ADAMS,

        Plaintiff,

v.

R. WILEY;
D. ROY;
T. HERMAN;
R. MARTINEZ;
MICHAEL K. NALLEY; and
HARRELL WATTS,

        Defendants.

_____

**OPINION AND ORDER GRANTING MOTIONS TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Summary Judgment **(# 15,** as amended **# 32)**, the Defendants' response **(# 46)**, and the Plaintiff's reply **(#51)**; Defendant Nalley's Motion to Dismiss **(# 20)**, the Plaintiff's response **(# 31)**,[1] and Defendant Nalley's reply **(# 33)**; Defendants Roy, Herman, and Martinez's Motion to Dismiss **(#34)**, the Plaintiff's response **(# 40)**, and Defendants Roy, Herman, and Martinez's reply **(# 45)**; Defendant Wiley and Watts' Motion to Dismiss **(# 44)**, the Plaintiff's response **(# 48)**, and

---

[1] After filing a response to each motion by the Defendants, the Plaintiff has filed a variety of additional documents that repeat, expand, or refine the Plaintiff's arguments on these issues. *See e.g.* Docket # 37, 38, 50, 53, 55, 68, 73, and 76. For purposes of these motions, and these motions only, the Court treats the Plaintiff's additional submissions as supplements to his responsive briefs. Because the Court treats these filings a supplements to existing briefing, the Clerk of the Court shall terminate the motions pending at Docket # 68 and 73.

1

Defendant Wiley and Watts' reply **(# 52)**; and January 25, 2010 Recommendation **(# 84)** of the Magistrate Judge that the Plaintiff's Motion for Default Judgment **(# 76)** be denied.

## FACTS

The *pro se* Plaintiff's factual allegations are relatively simple. The Plaintiff is an inmate in the Federal Bureau of Prisons ("BOP"). He subscribes to a magazine entitled "American Curves." He alleges that from October 2006 to January 2007, copies of that magazine were impounded by prison mailroom staff – specifically, Defendants Roy, Herman, and Martinez – ostensibly because the magazine violated the Ensign Amendment, 28 U.S.C. 530C(b)(6), and BOP regulations, 28 C.F.R. § 540.72(b), both of which prohibit receipt by inmates of material featuring nudity.[2]

The Plaintiff asserts *Bivens* claims, alleging that he has been deprived of: (i) rights secured by the First Amendment to the United States Constitution;(ii) Substantive Due Process rights[3]; and, arguably, (iii) Equal Protection Clause rights, in that he alleges that other inmates received the same issues he was denied. He alleges that this deprivation caused him to suffer physical injuries, including emotional distress, migraine headaches, and "sporadic pain in the stomach."

---

[2]The Plaintiff contends that "American Curves" does not feature nudity.

[3]Liberally construing the Plaintiff's *pro se* pleadings, the Court notes that the Plaintiff invokes the Due Process clause at pages 18-20 of his Complaint, and alleges that the Defendants "ha[ve] shown no evidence to warrant its 'rejection' of plaintiff's American Curves magazine. . . As a result, there exist no legitimate penological interest that warrant [that action]." The Court understands this to assert that the BOP's decision was arbitrary and capricious, thus giving rise to a substantive, rather than procedural, Due Process claim.

2

## ANALYSIS

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Because they raise the issue of the timeliness of the initiation of this action, the Court first turns to the Defendants' Motions to Dismiss. Defendants Roy, Herman, Martinez, and Wiley allege that this action was untimely initiated outside the applicable statute of limitations. Specifically, they contend in that the Plaintiff became aware of the facts giving rise to his claims as early as October 2006, when the first issues were rejected, and that he did not commence suit within the two-year statute of limitations. Defendants Nalley and Watts raise the same timeliness argument, and, additionally contend that the Court lacks personal jurisdiction over them because they reside in Kansas and the District of Columbia, respectively, and neither has purposefully directed his activities toward Colorado. These Defendants contend that their only activities in this case involved reviewing grievances filed by the Plaintiff through the BOP's administrative remedy program.

*Bivens* claims are governed by the appropriate state-law limitation period for personal injuries; in Colorado, that period is two years. *See e.g. Appleby-El v. Catron*, 84 Fed.Appx. 9, 10 (10th Cir. 2003) (unpublished), *citing Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir.1994) *and* C.R.S. § 13-80-102. Thus, to be timely, the Plaintiff must have commenced this action within two years of the accrual of his claims. A claim accrues, and the statute of limitations begins to run, on the date when the plaintiff knows or should know of the existence and cause of the injury upon which his claim is based. *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004).

For the Plaintiff's claims here, the date of accrual would be the earliest time that he became aware that he would not be receiving his copies of "American Curves." Exhibits attached to the Plaintiff's Complaint indicate that he was notified on December 8, 2006 that the December 2006 issue of "American Curves" would not be supplied to him. However, he also acknowledges that prior issues were withheld from him as early as October 2006. Thus, ordinarily, the Plaintiff would have been required to have commenced this suit either by October or December 2008. Instead, his Complaint was filed on dated January 27, 2009. On its face, the action would appear to be barred by the statute of limitations.

The Plaintiff argues that the statute of limitations is, or should be, tolled while he exhausted his administrative remedies pursuant to the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a).[4] Tolling of a state statute of limitations is similarly governed by state law. Thus, the question presented is whether Colorado law recognizes such a toll.

---

[4] Attachments to the Complaint indicate that the Plaintiff exhausted the administrative remedy process on or about May 15, 2007, when his grievance was denied at its final stage by Defendant Watts.

As early as 1999, the 10th Circuit stated that "it is unclear whether Colorado is among the jurisdictions which toll statute of limitations during exhaustion of administrative remedies, if exhaustion is required before a suit may be filed." *Russell-El v. U.S.*, 198 F.3d 258 (table), 1999 WL 987350 at n. 2 (10th Cir. Nov. 1. 1999) (unpublished). More recently, the 10th Circuit cited *Russell-El* in deciding *Rosales v. Ortiz*, 325 Fed.Appx. 695, 700 (10th Cir. 2009) (unpublished). In *Rosales*, the Circuit rejected an inmate's argument that Colorado law tolled the statute of limitations during the time he spent exhausting administrative remedies, explaining that "[n]o case or statute directly supports that proposition, and we are disinclined to carve out such an exception here." *Id.*[5] The court observed that the inmate had completed mandatory administrative exhaustion before the statute of limitations on his claims had run, and that the inmate had offered no explanation as to why he failed to commence his action in compliance with the statute of limitations.

*Rosales* seems to be somewhat at odds with other decisions from the 10th Circuit, however. In *Laubach v. Scibana*, 301 Fed.Appx. 832, 837 (10th Cir. 2008) (also unpublished), the Circuit assumed, without finding, "that the limitations period is tolled while an inmate exhausts his administrative remedies." *Id.* It cited to *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007), an opinion in which the Circuit expressly declined to resolve the issue but noted, in *dicta*, that "every circuit to address this issue has held that the filing of a mandatory administrative grievance tolls the statute of limitations for § 1983 and *Bivens* claims." *See also Smith v. Ortiz*, 2006 WL 620871 (10th Cir. Mar. 14, 2006) (unpublished) (same); *Rueb v.*

---

[5]The Court in *Rosales* acknowledged that *Russell-El* did not squarely reach this particular issue. 325 Fed.Appx. at 700 n. 3.

*Morales*, 91 Fed.Appx. 95, 98-99 (10th Cir. 2004) (unpublished) ("Although we declined to decide the legal issue in the first instance, we do conclude that Rueb has raised at least a colorable claim that Colorado would equitably toll the relevant statute of limitations during the actual exhaustion of administrative remedies required by 42 U.S.C. § 1997e(a)").

Without clear guidance from the 10th Circuit or the Colorado courts on the question, the Court turns to the general principles underlying statutes of limitation, administrative exhaustion, and tolling.  Statutes of limitation are intended to give defendants timely notice of adverse claims and prevent plaintiffs from sleeping on their rights.  *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352 (1983).  The Supreme Court has observed that the administrative remedy process, in some circumstances, advances the goal of giving notice to defendants of potential claims, but that is not the purpose of the exhaustion requirement and is by no means certain to occur in all circumstances.  *See generally Jones v. Bock*, 549 U.S. 199, 219 (2007).  Indeed, in circumstances where the administrative process provides no notice to potential defendants it is not a substitute for the statute of limitations. Where there is a mandatory administrative process that must precede initiation of a suit, the objective of encouraging a plaintiff to timely assert his or her rights arguably is served by the administrative process rather than by the statute of limitations.

This brings the Court to the doctrine of tolling. There is no Colorado statute or case law that automatically tolls the statute of limitations while pre-suit administrative remedies are exhausted.   In those cases where the tolling of a statute of limitations during the period of administrative exhaustion is addressed, the Circuit has characterized it as "equitable tolling." *See e.g. Roberts*, 109 Fed.Appx. at 226 ("the District Court committed reversible error in dismissing the complaint sua sponte without considering whether equitable tolling is

appropriate"); *Rueb*, 91 Fed.Appx. at 99.

In Colorado, equitable tolling of a statute of limitation is invoked "to prevent a defendant from asserting a statute of limitations defense where the defendant's wrongful conduct prevented the plaintiff from asserting a timely claim, or where extraordinary circumstances rendered the filing [of] a claim within the statutory period impossible." *Gognat v. Ellsworth*, ___ P.3d ___, 2009 WL 2960849 (Colo. App. Sept. 17, 2009) (slip op.); *Rossi v. Osage Highland Dev., LLC*, 219 P.3d 319, 321-22 (Colo. App. 2009) (equitable tolling is limited to situations involving wrongful conduct by defendant or extraordinary circumstances preventing timely filing of suit). By its nature, equitable tolling is case specific, not automatic or routine.[6]  For equitable tolling to apply, a plaintiff must present specific circumstances unique to his or her case.

The appropriate inquiry appears to be whether any particular impediment made it "impossible" for a plaintiff to timely file the suit before the limitations period expired. This is consonant with the reasoning in *Rosales*. In that case, the 10th Circuit considered the tolling issue in conjunction with an examination of the record to determine whether the inmate had demonstrated diligence in attempting to timely file his suit after having exhausted the administrative process. Concluding that no showing had been made to establish that a timely filing was impossible, the Circuit upheld dismissal.[7]

---

[6]Colorado's statutory requirement that a plaintiff exhaust all administrative remedies does not equate to "wrongful conduct" by a particular defendant, nor can the normal operation of the administrative remedy process be understood to constitute "extraordinary circumstances" that would make the filing of a timely claim "impossible."

[7] Utilizing the same reasoning, if the administrative process, itself, prevents compliance with the statute of limitations, equitable tolling would be appropriate. The Court notes that the operation of 42 U.S.C. § 1997e(a) would make it "impossible" for an inmate to commence a suit while the administrative remedy process is underway.

Looking to the particular circumstances of the case is consistent with the notion that tolling is an equitable remedy. Equitable remedies are directed to the sound discretion of the trial court, to be exercised in circumstances where the Court's intervention is necessary to preserve fairness. The contrary argument – that tolling always applies when there is an administrative process – is unsupported in Colorado law and ignores the equitable character of the tolling doctrine. Accordingly, this Court concludes that tolling of the applicable statute of limitations period for the duration of an administrative process is not automatic. Instead, equitable tolling can be imposed upon a showing of a defendant's "wrongful conduct" or other impediment that made timely filing of an action impossible.

In this case, the Plaintiff's claims accrued between October - December 2006, and the Plaintiff completed the administrative remedy process by May 2007. At that point, more than a year and a half remained to file an action in compliance with the statute of limitations. Clearly, the completion of the administrative process did not make it impossible for the Plaintiff to timely file his suit. Thus, the question becomes whether any other impediment has been shown.

The Court has carefully reviewed the Plaintiff's various responses to motions and supplemental submissions. Construing them most liberally and favorably to the Plaintiff, the Court finds no indication of any impediment to the filing of this action in the year-and-a-half between May 17, 2007 and the expiration of the statute of limitations sometime in October - December, 2009. Indeed, no explanation of the delay has been offered.

Without a showing of circumstances warranting equitable tolling under Colorado's relatively restrictive definition of that doctrine, the Court finds that the Plaintiff's action is

untimely.[8]  Because the claims against all Defendants are subject to dismissal, the Court need not reach the alternative arguments of Defendants Nalley and Watts that the Court lacks personal jurisdiction over them, nor address any remaining motions.

## CONCLUSION

For the foregoing reasons, the Defendants' Motions to Dismiss **(# 20, 34, 44)** are **GRANTED**, and the Plaintiff's Complaint **(# 3)** is **DISMISSED** in its entirety as untimely.  The remaining motions in this matter are **DENIED AS MOOT**.  The Clerk of the Court is directed to close this case.

Dated this 10th day of February, 2010

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge

---

[8] Were the Court to consider such issue, it would find such claims untenable.  Defendants Nalley and Watts are, respectively, the regional and national grievance coordinators for the BOP, responsible for reviewing inmate grievances.  As such, questions of whether they are subject to personal jurisdiction in those states where the inmate filing the denied grievance resides are closely bound up with the related question of whether simply denying an inmate grievance is sufficient personal participation in a constitutional deprivation to allow suits against grievance handlers to proceed.

The 10th Circuit has recently made clear that "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not constitute personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).  Although this decision does not directly address the narrower question of personal jurisdiction, one can reason by inference that if the only act allegedly giving rise to the Plaintiff's claim – the denial of his grievance by Defendants Nalley and Watts – is not actionable, the Court lacks personal jurisdiction over these Defendants.